## Turpin G. Atwood *v.* V. T. Meredith et al.

1. NEW TRIAL, WHEN NOT GRANTED FOR EXCLUSION OF LEGAL EVIDENCE.—A new trial will not be granted for the exclusion of legal evidence offered to prove a fact which is established, beyond doubt, by the other evidence in the cause.

2. EVIDENCE: TRIAL OF RIGHT OF PROPERTY : HUSBAND AND WIFE.—On a trial of the right of property levied on under an execution, evidence of the nature and character of the debt, which is the foundation of the judgment, is irrelevant ; and therefore, on such a trial, if the wife of the defendant be the claimant, it will be incompetent to show that the foundation of the judgment against the husband is the price of a gin-stand purchased by him for the wife's plantation.

3. SAME : OPINIONS NOT EVIDENCE.—The opinion of a member of a partnership as to who are his associates, is not competent evidence.

4. HUSBAND AND WIFE: PARTNERSHIP : WIFE NOT PRECLUDED BY ACTS OF HUSBAND.—Although the husband may hold himself out to the world as a member of a partnership, and thus become a partner as to those persons who are creditors of the firm, yet this will not preclude the wife from showing, in a controversy between her and a separate creditor of the husband, who is seeking to render the alleged interest of the latter in the firm assets liable to his debt, that such interest is in reality hers, and therefore not subject to the separate debt of the husband.

5. SAME.—The husband cannot, without her consent, make the wife a member of a partnership.

6. SAME : HUSBAND'S AGENCY FOR WIFE.—The husband is not, by virtue of the marital relation, the agent of the wife in the disposition or management of her

personal estate, except so far only as he is made so by the statute ; but he may become such agent by her consent.

7. PARTNERSHIP : INTEREST OF COPARTNER IN FIRM ASSETS : LEVY AND SALE OF THAT INTEREST.—The interest of a partner in the partnership property is not his *pro rata* share of any particular portion of the partnership effects ; but his due proportion of the balance of assets remaining after a general account embracing the whole of the partnership business, has been stated between him and his associates ; and it is this interest which is subject to seizure and sale under a separate execution against him, and which the purchaser at the sheriff's sale acquires.

8. SAME.—The sheriff, in levying a separate execution against a partner upon his interest in the firm assets, seizes that partner's interest alone. In making the levy, he takes into his possession all the partnership property, and sells the debtor partner's interest in the whole of it. He cannot sever from the whole a particular portion of the assets and sell that portion as the property of the execution debtor.

9. SAME : TRIAL OF THE RIGHT OF PROPERTY.—If it appear on a trial of the right of property, that the property in controversy is a part of the assets of a partnership, and was levied on as the property of the defendant, who was one of the partners, the plaintiff in execution will fail.

ERROR to the Circuit Court of Yazoo county. Hon. E. G. Henry, judge.

The plaintiff in error having recovered a judgment against V. T. Meredith, sought to procure satisfaction of the same, by the levy of the execution on a lot of groceries and produce. Mrs. Meredith, the wife of V. T. Meredith, made the usual claimant's affidavit, and entered into bond to buy the right to the property levied on; and on the return of the execution bond and affidavit the following issue was made up :—

"The plaintiff comes and says, that the property levied upon, and mentioned in the return on the execution, was and is the property of defendant, and subject to seizure and sale under execution, and this he is ready to verify, &c."

To this the claimant replied, by denying the allegations in the plaintiff's pleading.

On the trial the plaintiff proved, by Mangum, the deputy sheriff, who made the levy, that the goods levied on were in the house of Ranney, Grubbs & Co., and belonged to them; that these parties advertised the firm as composed of G. W. Grubbs, James Ranney, and

V. T. Meredith, and that these names were painted in large letters as a sign on the building in which they carried on business; that V. T. Meredith attended the store as a salesman, and was generally there, and was present when the levy was made; that claimant was the wife of V. T. Meredith, and that Meredith and wife resided in Yazoo city, within three or four squares of the store. Witness was then asked whether it was generally understood in Yazoo city that V. T. Meredith was a member of the firm of Ranney, Grubbs & Co., and whether he was not so recognized by the community. He answered, that V. T. Meredith was so recognized, and that it was so understood in the community. This question and answer was objected to by claimant and excluded from the jury. Plaintiff then proved by a witness that V. T. Meredith procured to be published in a newspaper in Yazoo city, an advertisement of the business of Ranney, Grubbs & Co., in which the partners were stated to be Ranney, Grubbs, and V. T. Meredith, and that the newspaper was generally taken in Yazoo city, and by V. T. Meredith, and that the claimant had opportunities of reading the paper.

Plaintiff proved by Hyatt that the claimant had a plantation near Yazoo city; and offered further to prove by him that the foundation of the judgment against V. T. Merideth, sought to be collected by this proceeding, was a gin-stand, sold by plaintiff to V. T. Meredith, for the use of said plantation. This proposed proof, on objection of the claimant, was excluded from the jury.

The claimant then introduced G. W. Grubbs, who stated that he was a member of the firm of Ranney, Grubbs & Co., and that about $1500 was put into the firm by V. T. Meredith, he professing to act for his wife, and as her agent. He was then asked by claimant, whom he regarded as his partner? This was objected to, and objection overruled; and the witness then answered that he regarded Mrs. Meredith as his partner, and looked to her for protection, and payment of losses, if any should occur, as she had money, and Meredith had none.

On cross-examination, witness stated that Mrs. Meredith had no conversation with him about the partnership, before or since its formation; that she was occasionally in the store, calling as other ladies did. He further stated, that in no correspondence or dealing with any of their factors or customers, had they ever named that Mrs. Meredith was a member of the firm.

WARD LAW SCHOOL LIBRARY

This was all the evidence.

The court, for the claimant, instructed the jury as follows :—

1. Unless the jury believe from the evidence that V. T. Meredith was a partner of Grubbs, Ranney & Co., they must find for the claimant.

2. If the jury believe from the evidence that Mrs. Meredith furnished the means for an interest in the house of Ranney, Grubbs & Co., and it was received from her husband, as her agent, by the other members, they regarding her as the partner, such facts would constitute her a partner.

3. The husband is the legal agent of the wife, in the disposition of personal property, or in the investment of money for her.

The plaintiff asked the following instructions, which were all given, except the third.

1. That agency cannot be established by the declarations of an agent; and if there be no other evidence before the jury than the declarations of Meredith as to his agency for his wife, then such declarations do not establish his authority to act as agent.

2. That the act of Meredith alone, without authority, cannot constitute Mrs. Meredith a partner in the firm of Ranney, Grubbs & Co.

3. If the jury believe from the evidence, that Meredith was responsible for the debts of the firm, by reason of his announcement to the world of his being a partner, then they will find for plaintiff.

4. That, if Meredith was a partner of the firm of Ranney, Grubbs & Co., then they will find for plaintiff.

5. That a mere advance of money by Mrs. Meredith to her husband to be used in the firm of Ranney, Grubbs & Co., will not constitute her a partner in said firm, unless it be shown, to the satisfaction of the jury, that Mrs. Meredith became a partner in said mercantile establishment.

6. That possession of personal property is *prima facie* evidence of ownership.

The jury found the issue for the claimant, Mrs. Meredith. The plaintiff moved for a new trial, which being refused, he excepted, and sued out this writ of error.

*Hill* and *Nye*, for plaintiff in error.

*Gibbs* and *Wilkinson,* for defendant in error.

HARRIS, J., delivered the opinion of the court.

The plaintiff in error obtained a judgment in the Circuit Court of Yazoo county against V. T. Meredith, on which judgment execution was issued and served on a "lot of produce and groceries in the house of Ranney, Grubbs & Co., as the property of the defendant Meredith."

Adeline Meredith, the wife of defendant in execution, interposed her claim under the statute, and issue was joined as to whether the property levied on was subject to the execution.

A jury was empanelled to try said issue, who found a verdict for the claimant, and the case comes to this court on bill of exception filed to the ruling of the court below.

The 1st assignment of error is, that the court erred in refusing to permit witness Mangum to testify that V. T. Meredith was generally understood and recognized by the community as a member of the firm of Ranney, Grubbs & Co.

As a general rule, evidence of general reputation or common report of the existence of a partnership, is not admissible, except in corroboration of previous testimony; unless it be to prove the fact that the partnership, otherwise shown to exist, was known to the plaintiff. 2 Greenleaf's Ev. 540, 541, 7th edit. § 483, and authorities cited.

In this case, however, it is not material to consider this assignment further, for the reason that the partnership between Ranney, Grubbs & V. T. Meredith is directly established by other evidence in the record, which could leave no doubt upon this question.

The 2d ground of error relied on is, that the court erred in refusing to permit the witness Hyatt to testify as to the cause of action on which the judgment was founded.

It was proposed to show that the note, which was the foundation of the judgment, was given for a gin-stand for the plantation of claimant. This testimony was properly rejected, as it was wholly irrelevant to the issue joined.

The 3d assignment of error is, that the court permitted the witness Grubbs to state *whom he regarded* as his partner, and *to whom* he looked for protection.

We think this assignment of error well taken. The matter to be established was whether V. T. Meredith was a partner in the firm of Ranney, Grubbs & Co. The witness was a member of that firm, and therefore must be supposed to have known the existence or non-existence of such a partnership as a *positive fact*, or to have been cognizant of such facts as would enable the court to determine as a question of law, whether they constituted the defendant in execution a partner in said firm. If the question was designed to elicit the *knowledge* of the witness as to the direct, positive fact, it was evasive; or if intended to elicit the opinion of the witness, as to whether the facts in his knowledge, in law constituted the said defendant in execution a partner, it was still more objectionable.

The 4th assignment of error is, that the court refused to give the third instruction asked by plaintiff in error. "If the jury believe, from the evidence, that Meredith was responsible for the debts of the firm by reason of his announcement to the world of his being a partner, then they will find for plaintiff."

This instruction was properly refused. Whatever V. T. Meredith may have done or said in relation to his connection with said firm, or even as to his ownership of said property, could not affect his wife's rights, if the evidence otherwise satisfied the jury that the property in dispute was rightfully hers. It was, therefore, error to instruct the jury in effect that if he was a partner in said firm, that they must find for plaintiff in execution. He may have made himself so responsible by his acts, declarations, or contract, and yet it would not follow that his wife's property, no matter where found, would be liable to his debts.

The 5th assignment of error involves the corrections of the first, second, and third instructions asked for the claimant and given by the court.

The first instruction was, " Unless the jury believe, from the evidence, that V. T. Meredith was a partner of Ranney, Grubbs & Co., the law is for claimant."

It will be borne in mind that the only object for which it was competent to show that V. T. Meredith was a member of the firm of Ranney, Grubbs & Co., was to make out a *prima facie* case against him by tracing the goods to his possession when levied on; and thus to cast the *onus* of proof upon the claimant. Unless the plaintiff

in execution offered some evidence that the property levied on was the property of said defendant, V. T. Meredith, and subject to said execution, the claimant under the issue was entitled to a verdict. The only evidence of property in the defendant in execution to be found in this record, is that which tends to show that V. T. Meredith was a partner in said firm, and therefore in possession of the goods when levied on. If, therefore, the evidence failed to satisfy the jury that he was such partner, the plaintiff in execution failed in his proof of property in V. T. Meredith; and they were rightly instructed in such event to return a verdict for claimant under this issue.

The second instruction referred to in this assignment of error is as follows : "If the jury believe, from the evidence, that Adeline Meredith furnished the means for an interest in the house of Grubbs, Ranney & Co., and it was received from her husband, as her agent, by the other members of the firm, they regarding her as the partner, such facts would constitute her a partner."

This instruction was at least erroneous, for the reason that it does not sufficiently show that the assent of both parties to the contract of partnership is requisite to constitute them partners, where both parties are capable, in law, of making such a contract.

The last instruction given for the claimant was in these words : "The husband is the legal agent of the wife in the disposition of personal property, or the investment of money for her."

This instruction we think was too broad. It is not true as a matter of law that the husband *is* the agent of the wife in the disposition of her personal property. He *may become so* with her consent. And for special purposes enumerated in the act in relation to the separate property of married women, the law constitutes him her agent, so as to bind her estate, but the proposition as stated is not universally true.

It does not follow, however, for any or all of these errors that the judgment below should be reversed and a new trial awarded.

Where it appears from the whole record that the errors complained of have worked no injustice, or that the judgment below is clearly right, it should not be disturbed here.

The issue joined in this case, under the direction of the court, was whether the property levied upon "was and is the property of

the defendant, V. T. Meredith, and subject to seizure and sale under execution."

The burden of establishing the affirmative of this issue rests on the plaintiff in execution.

To do this, the record shows that the plaintiff relied solely on the fact that V. T. Meredith was a partner in the house of Grubbs, Ranney & Co., and that the property levied on was the *property of the firm,* of which he was a member. The judgment was against one partner alone, and for his separate debt. The question then arises whether the property of the *firm* of Grubbs, Ranney & Co., is " subject to seizure and sale" under an execution against V. T. Meredith, and for his separate debt?

In the case of *Mobley et al.* v. *Lonbat*, 7 How. Miss. R. 318, it is said by this court that " the effect of a suit against one partner for his separate debt is well settled at common law. Nothing can be subjected to the judgment but *his* interest in the partnership effects:" citing 2 Ld. Raymond, 871; Coll. on Part. 474; 2 John. 282; and this even in case of a partnership debt, where the creditor, under our Act of 1836, elects to proceed against one partner, and obtains judgment against him alone. To hold otherwise, say the court, would subject the property of persons to a judgment who are not parties to it, and in no way bound by it. In a judgment against one partner for his separate debt, his *interest* in the partnership effects may be sold by execution at law, though that has been much questioned. But the sheriff can only sell the actual interest of such partner in the partnership property after the accounts are settled, or subject to the partnership debts. Citing *Nicholl* v. *Mumford*, 4 John. Ch. Rep. 525; *Moody* v. *Payne*, 2 John. Ch. R. 548.

The rule may now be considered well settled, that the sheriff, in levying an execution on partnership property for the debt of one partner, levies on the *interest* of the debtor partner, and takes possession of the whole effects. On the day of sale, he offers and sells *only that interest,* and the purchaser takes in the same manner the debtor held it, and subject to the rights of the other partners. Cowper R. 451; *Waddell* v. *Cook*, 2 Hill, 47; *Phillips* v. *Cook*, 24 Wend. 389; 6 Munf. R. 111; 3 Ala. 319; Coll. on Part. 707;

Story on Part. 373–4; 2 Hill N. Y. R. 47; 4 Hill, 161; 3 Denio, 125; 12 Ala. 681.

The case of *Mobley* v. *Lonbat*, already cited, would seem to be decisive of the case before us, when its facts are considered. Lonbat sued out an attachment against Depew & Hazen. Mobley & Co. were summoned as garnishees. Two of this firm filed their answers as garnishees, admitting the indebtedness of their firm to the *firm* of Depew, Hazen *&* Co.; and upon this state of facts, judgment was rendered in the court below, against the garnishees, the case brought to this court for revision; and reversed, upon the ground " that it would not be proper to render a judgment against the firm of Mobley & Co., in a case against Depew & Hazen *alone*, unless the precise amount due by them to those two members of the firm of Depew, Hazen & Co., was ascertained. To do so would be to subject the interest of the third partner, without a judgment against him."

Upon the principles here announced, even if judgment had been rendered in favor of the plaintiff in execution, it could not have been sustained in this court, because it would have subjected the property and interest of Grubbs & Ranney to the individual debt of. Meredith, without any trial or judgment against them, and without any proof of their respective rights therein. " This," in the language of the court, " is utterly at war with the certainty required in judicial proceedings."

In the late case of *Sanders* v. *Young et al.*, 31 Miss. R. 111, we understand these same general doctrines to be recognized. And in the later case of *Bowman* v. *O'Reilly*, 31 Miss. R. 262, it is held, " that the *interest* of a copartner in the property of the concern is not his *pro rata* share of any particular portion of the partnership effects, but his due proportion of the balance of assets, after a general account, embracing the whole partnership business, has been stated between him and his associates." This we deem to be the true rule; and it is this interest which is the subject of levy and sale, and nothing more. The purchaser takes the place of the debtor partner in the whole effects, but owns no specific property in any particular portion of the effects of the partnership, which may be severed, sold, and delivered to a purchaser by the sheriff, to the exclusion of the rights of the other partners.

In this view, under the proof in this case, no judgment could have been properly rendered in favor of the plaintiff in execution, if a verdict had been found in his favor.

Judgment affirmed.