[No. 5674.]
## CLARK ET AL. v. CUSHING.

EXECUTION AGAINST A MEMBER OF A PARTNERSHIP. — If a Sheriff has an execution against the property of one member of a partnership, it is his duty to levy on the interest of that partner in the partnership effects; and in order to effect a sale of the same, he may take possession of the entire property; and if he only sells the interest of the partner against whom the judgment was rendered, he is not liable to the other partners for damages.

APPEAL from the District Court, Second Judicial District, County of Tehama.

E. G. Reed owned a tract of land in Tehama County, and contracted with James Pierce to farm it, Reed furnishing the land alone, and receiving one-fourth of the crop. Pierce, not having the means to cultivate, entered into a partnership with

Clark and Mayhew, they to furnish the materials, and Pierce to do the work, and the three-fourths of the crop belonging to Pierce to be equally divided. A crop of hay and wheat was planted by Pierce; but before it matured, one Kraft obtained a judgment against him in a Justice's Court, on which an execution was issued, which was placed in the hands of the Sheriff of Tehama County, who levied on and sold Pierce's interest in the crop. He took possession of the entire crop. Thereupon Clark and Mayhew commenced this suit against the defendant, who was the Sheriff, to recover the value of an undivided one-half of three-eighths undivided in the crop.

*George Cadwalader*, for the Appellant.

The interest of a partner is subject to execution, levy, and sale. (*Jones* v. *Thompson*, 12 Cal. 191.) So is the interest of one joint tenant in property held under a joint tenancy. (*Waldman* v. *Broder*, 10 Cal. 378.) And of one co-owner in property held by tenants in common. (*Bernal* v. *Hovious*, 17 Cal. 541.) And where the Sheriff levies upon the interest of one of several owners in property he has the right—if necessary to make the levy effective—to reduce all the property to possession; and the fact that he does so is not proof of a conversion. (*White* v. *Jones*, 38 Ill. 169; *Atwood* v. *Meredith*, 37 Miss. 635; *Pitman* v. *Robecheau*, 14 La. An. 108; *Davis* v. *White*, 1 Houston, Del. 228; *Waldman* v. *Broder*, *ante*.)

*E. J. Lewis*, for the Respondent.

By the COURT:

The motion for a new trial should have been granted. It clearly appears from the evidence that the plaintiffs and Pierce were partners in the farming transaction, and that as such partners they became the owners of the growing crop. It was the duty of the Sheriff to levy on the growing crop to satisfy the execution against Pierce, one of the partners; and for that purpose, and in order to effect a sale of the interest of Pierce, he was authorized to take possession of the property. The evi-

dence shows that he did so take possession of the property, and that he, in fact, only sold that which was subject to sale under the execution—to wit, the interest of Pierce. The purchaser at the Sheriff's sale acquired only that interest. The interest of the plaintiffs in the property was not impaired or converted by such seizure and sale by the Sheriff.

Judgment and order reversed, and cause remanded for a new trial. Remittitur forthwith.