## Sitler and Johnson *v.* Walker.

The interest of one partner in partnership property may be taken and sold under an execution at law on a judgment against such partner, for his separate debt; and equity will not stop such sale by injunction until the partnership accounts are taken and liquidated.

The only interest covered by such an execution, is the interest of the partner after the payment of the partnership debts.

The purchaser of such property becomes a tenant in common with the other partner, and does not thereby acquire a right, *ipso facto*, to a division or separate possession of the property so purchased, but takes it *cum onere*.

When the interest of a partner is sold under an execution at law, the sheriff does not seize the property sold, but the same is retained by the other partner, subject to the lien of the partnership claims.

Some time previous to the month of May, 1837, Joseph M. Sitler, who was a member of the mercantile firm of "Sitler & Johnson," indorsed a promissory note, in connexion with others, for one Benjamin Williams, for the sum of $1131. At the May term, 1837, of the Madison circuit court, John H. Walker, the payee of the note, obtained a judgment at law against Sitler and the other parties to the note. On this judgment an execution issued, and was levied on a slave, the partnership property of Sitler & Johnson, who filed their bill in chancery, stating the above facts, and also that their entire partnership property was not sufficient to pay their partnership debts.

The bill also prayed an injunction to restrain the sale of the said slave, which was granted by J. R. Nicholson, circuit judge.

The defendant, Walker, filed his answer, admitting the execution of the note, judgment and execution thereon, and the levy on the slave, but says he does not know that the slave levied on was partnership property; but if it was, insists that the same was liable to his execution.

The defendant then moved to dissolve the injunction on bill and answer.

7*

OTT and BATES for defendant.

J. P. SHAW for complainants.

The CHANCELLOR.

This case was submitted on a motion to dissolve the injunction therein.

The bill is filed to enjoin the sale of partnership property, levied on for the debt of the separate creditor of one of the individual partners.　The principle is now considered generally settled, although there are exceptions to the contrary, that the interest of one partner in the partnership property may be taken and sold under an execution at law on a judgment against such partner for his separate debt; and equity will not stop such sale by injunction, until the partnership accounts are taken and liquidated. The only interest covered by such an execution, is the interest of the partner after the payment of the partnership debts.　Any one purchasing such property becomes a tenant in common with the other partner, and does not by such purchase acquire a right, *ipso facto,* to a division or separate possession of the property so purchased, but takes it *cum  onere.*　The sheriff does not seize the effects.　The other partner retains possession, subject to the lien of the partnership claims.　2 John. Ch. R. 548; 16 John. R. 106.

The injunction must be dissolved.