## Case No. 16,718.

UNITED STATES v. WILLIAMS.

[See Case No. 13,515.]

---

## Case No. 16,719.

UNITED STATES v. WILLIAMS.

[4 McLean, 236.][1]

Circuit Court, D. Michigan. June Term, 1847.

LEVY ON JUDGMENT DEBT OF PARTNERSHIP — PARTNERSHIP AND INDIVIDUAL CREDITORS — AUTHORITY OF SHERIFF — SALE — RIGHTS OF PURCHASER.

1. A judgment against one of the partners of a firm, will authorize the sheriff or marshal to levy on the right of the judgment debtor in the goods.

[Cited in Newhall v. Buckingham, 14 Ill. 408.]

2. But the debts of the partnership must be first paid, before the partnership property can be applied in payment of the individual debts of either partner.

[Cited in Re Corbett, Case No. 3,220.]

3. If the officer shall deem it safe, he may make an arrangement with the partner to sell the goods, and account for the proceeds, after paying the debts of the partnership.

4. And where it is necessary for the security of the officer, he may take possession of the entire property, and sell the interest of the partner against whom judgment has been entered.

5. But this proceeding ought not to be had, as it breaks up the partnership, and leads to great uncertainty, unless it be necessary.

6. The purchaser of the right sold becomes a substituted partner, in lieu of him whose property is sold.

[1] [Reported by Hon. John McLean, Circuit Justice.]

Mr. Norvell, U. S. Dist. Atty.

Fraser, Howard, Gould & Romeyn, for defendant.

McLEAN, Circuit Justice (charging jury). This is an indictment [against B. O. Williams] for resisting process. By the 22d section of the act of April 30, 1790 [1 Stat. 117], it is provided, if any person shall knowingly obstruct, resist, or oppose, any officer of the United States. in serving any legal or judicial writ or process whatsoever, or shall assault, beat or wound any officer or other person duly authorized, in serving or executing any writ, he shall be imprisoned, etc. A judgment having been obtained in this court by Sheldon and others against Castle and McGilvers, an execution was issued, which was levied on the goods of a store owned by McGilvers and Williams, the defendant in partnership. Thompson was deputy marshal. The execution being offered in evidence to the jury, was objected to, on the ground that it was not sufficiently described in the indictment.. The names of the parties are stated, and the judgment, which, the court think, sufficiently describe the execution; and it was read in evidence. And the deputy marshal states that he levied it on the goods of the store. He proposed to set off McGilvers's interest; but the defendant said he could not permit the goods to be taken. After taking advice, witness returned to the store, and informed the partners, as they refused to give up McGilvers's interest, it was his duty to take possession of the whole of the goods. The defendant then made two propositions: (1) That the marshal might advertise and sell McGilvers's interest, subject to all the debts of the concern. (2) Place a clerk in the store, and see that an account was kept; and finally, the levy to be held subject to the debts of the partnership, and whatever remained of McGilvers's interest could be sold. Being about to leave the store, witness asked Williams if he refused to permit him to take possession of the whole or any part of the goods. And he answered that he did refuse, on which the witness left the store. Afterward, on the 30th of January, witness took six individuals, and entered the store. Defendant said he would not permit the goods to be touched, and if witness made the attempt to take them, he would put him out of the store. Witness replied that he was deputy marshal, referred to the process, and commanded all present to assist him if resisted. The defendant then said, if any one touched the goods, it should be done at his peril. Johnson counted shovels, etc., and Williams pulled his hands off. Other persons, in attempting to remove the goods, were resisted by Williams, the defendant. A general scuffle ensued; defendant took hold of witness, ordered the door to be opened, and requested him to leave the place. Witness did not attempt to remove the goods out of doors, but claimed the right to remove them, should he not consider them safe. Williams was willing that witness should sell the right of McGilvers in the goods; but that debts were due by the firm, and McGilvers owed the firm, the amount of which he could not immediately ascertain. Witness claimed the right to take exclusive possession of the goods, and sell McGilvers's interest, unless that interest should be set off.

Under a fieri facias against one of two partners, the sheriff or marshal may seize the goods of both, and sell the defendant's moiety in them; in which case the vendee will be tenant in common with the other partner. 2 Doug. 650; Com. 217; 1 Salk. 392; 3 Bos. & P. 254, 288; 24 Wend. 393–398; U. S. v. Lukins [Case No. 15,639]. Unless the officer levying the execution can make an arrangement satisfactory and safe to himself, in regard to the partnership goods, he has a right to take the whole of them into his possession, until the sale of the interest of the partner levied on. But this need not be done where there is no necessity for it. The partnership debts must be paid, before the interest of either partner can be applied in satisfaction of any individual debt. And the extent of this interest, where debts are owing by the firm, must be more or less uncertain. Even the most accurate statements, made out from the books of the partnership, can be nothing more than an approximation to the true amount. Debts are to be collected, and goods are to be sold. From these sources. far less than the nominal value may be realized. To take possession of the entire goods, must seriously affect the credit of the firm of the partner, who is answerable for all the partnership debts. It is desirable, therefore, that in such cases the officer should make a reasonable arrangement with the partner, so as to have the goods safely kept until the day of sale. The purchaser will enter as a partner in the firm, in the place of the judgment debtor.

It is proper that I should remark to you. gentlemen of the jury, that the defendant showed no disposition to prevent the sale of McGilvers's interest in the partnership. He seemed to be only desirous of protecting his own interest, and the interest of the creditors of the firm, and the propositions he made were fair, if the officer could trust him with the goods. The clerk which it was proposed to put into the store, would seem to afford security against the illegal acts of the active partner.

Upon the whole, gentlemen, it will be for you to determine whether the defendant is guilty of resisting the process of the court, as he stands charged in the indictment. Where an individual arrays himself against the authority of the officer, he incurs a serious responsibility. and if convicted. must suffer the penalty provided. You will con-

sider the mitigating circumstances of this case, as shown by the testimony, and find the defendant guilty or not guilty, as your judgments shall dictate.

The jury found the defendant not guilty.