Thompson *v.* Lewis.

THOMPSON *versus* LEWIS *&* trustee.

A note made payable to a partnership firm, for property belonging to the firm, is the property of the firm, though given after the death of one of the partners, upon a purchase from the survivor.

One, summoned as trustee and disclosing that he is indebted to a partnership firm, of which the principal defendant is the surviving partner, will be charged, unless some interposing claim be made, *in behalf of the firm*, either by some of its creditors or by the administrator of the deceased partner.

The share or aliquot part which a judgment debtor may have in the goods of a firm, of which he is the surviving partner, may be sold on execution against him; unless some interposing claim be made, *in behalf of the firm*, either by some of its creditors or by the administrator of the deceased partner.

Unless such interposition be made, the sale need not be confined to the mere surplus interest, which the surviving partner might have in the goods after payment of all the partnership debts.

Of the methods by which such interposition, in behalf of the firm, may be effectually made, to prevent the surviving partner's share of the estate from being held for his private debt, either upon trustee process or upon execution against him.

On Exceptions from the *District Court,* Hathaway, J. presiding.

The question was upon the liability of Nickels, the supposed trustee, to be charged.

He disclosed that he was indebted upon an unnegotiable note for logs and other property to the late firm of Hall & Lewis, of which Lewis, the principal defendant, is the surviving partner.

To an interrogatory (objected to as irrelevant,) put by the defendant's counsel to the trustee, "whether Lewis gave him to understand that the estate could not pay the debts," he replied; — "I do not think he did at the time of the sale, I was loth to buy any thing but the logs, but Mr. Lewis said the effects would go to pay their debts in Boston, and probably, if I wished, I could get an extension of the time of payment."

It was admitted, that the note given by Mr. Nickels is in the hands of the administrator, or a person claiming to be such, of Hall, the deceased partner of Lewis, and that the administrator has notified Mr. Nickels, that he requires payment, for the benefit of the creditors of Hall & Lewis, said notice being made subsequent to the service of the trustee process.

The Judge ruled that the trustee was not chargeable, and the plaintiff excepted.

The case was submitted without argument, by —

*Freeman,* for the plaintiff.

*Burbank,* for the trustee.

The opinion of the Court, Shepley, C. J., Wells, Rice and Appleton, J. J., was drawn up by

Wells, J. — It appears by the disclosure, that the defendant, Lewis, and Charles S. Hall, were partners, and that after the death of Hall, the trustee purchased of Lewis partnership property, for which he gave his note, not negotiable, to Lewis as surviving partner. And the question arises whether he can be holden as trustee of Lewis, one of the partners.

In the cases of *Fisk* v. *Herrick & trustee,* 6 Mass. 271,

and *Upham* v. *Naylor & trustee*, 9 Mass. 490, and *Lyndon* v. *Gorham*, 1 Gallison, 366, it was decided, that the trustee could not be holden, unless it appeared that he had an interest in the partnership effects, after the payment of its debts.

There are numerous authorities in England and in this country, that decide, that partnership effects cannot be taken by attachment, or sold on execution, to satisfy the creditors of one of the partners only, except it be to the extent of the interest of such separate partner in the effects, and that such interest is the undefined surplus after the debts of the partnership are paid. 3 Kent's Com. 65; *Taylor* v. *Fields*, 4 Ves. 396; 1 Story's Equity, 626; *Morton* v. *Blodgett*, 8 N. H. 238, where this subject is very fully considered by PARKER, J. The law was formerly otherwise in England, and a creditor of the separate partner took the goods of the partners in execution, and sold the share of his debtor as if he were a tenant in common. *Bathurst* v. *Clinkard*, 1 Show. 174; *Jacky* v. *Buller*, 2 L'd Ray. 871; *Heyden* v. *Heyden*, 1 Salk. 392.

But in Massachusetts, while the doctrine is maintained, that partnership property must be appropriated to discharge its obligations, a creditor of a separate partner may attach the goods of the firm, so far as his debtor has an interest in them, subject to the paramount claims of the creditors of the firm, whose rights by an attachment of the same goods are allowed to be superior. *Pierce* v. *Jackson*, 6 Mass. 242.

In this State a creditor of one of the firm may attach their goods upon his separate debt, subject to the paramount claims of the creditors of the firm, and the members of the firm cannot sustain an action against the officer for making the attachment. *Douglass & al.* v. *Winslow*, 20 Maine, 89; *Bradbury & al.* v. *Smith*, 21 Maine, 117; *Reed* v. *Johnson*, 24 Maine, 322. As the goods may be attached, so they may be seized on execution, and the share of the separate partner sold. The merely selling an undefined surplus interest of the partner, in its practical result would render the attachment and seizure of very little benefit to a creditor, for it would be difficult to find a purchaser of such interest, who must enter

upon a tedious and prolix course in equity to ascertain the amount of it. It better accords with the simplicity, which should govern judicial proceedings, and with that protection, which should be afforded to creditors, to allow the share of the separate debtor in the goods themselves to be sold. The partnership creditors, before the sale takes place, can protect their rights by an attachment or seizure or other appropriation of the partnership property to their benefit, or by process in equity. *Commercial Bank* v. *Wilkins*, 9 Greenl. 28. And when the partnership is insolvent the rights of the partners may be protected from a withdrawal of the partnership effects by a creditor of one of them, by an appeal to the equity power of the Court. Unless the creditors of the partnership, or some injured partner, should assert their superior claims, there does not appear to be any satisfactory reason why the specific and tangible property of an individual partner should be locked up against his creditors.

In the case of *Hawes* v. *Waltham*, 18 Pick. 451, it was decided, that when a person summoned as trustee discloses, that he is indebted to the defendant and a third person jointly, he is not chargeable, and that a joint debt cannot thus be severed. But that question has been otherwise decided in this State and it has been held, that the interest of one of two persons, to whom a debt was due jointly, whether part-ners or not, might be reached by a trustee process. *Whitney* v. *Munroe & Tr.* 19 Maine, 42. That case is an authority directly in point, and covers the whole ground embraced by the one under consideration. It was considered in that case, that full effect could not be given to the trustee process with-out adopting a construction, which would create a severance of the contract. In this case a severance has taken place by the death of one of the partners.

There is no legal evidence that debts are existing against the firm ; the statement of the defendant Lewis, is not legal evidence of that fact ; nor is there any evidence that the firm is insolvent and that the debt due from the trustee is needed for the payment of the debts of the partnership. The cred-

itors of the firm have not interposed in any manner, by trustee process or otherwise, to assert their superior claims. If the plaintiff might have summoned the administrator of the deceased partner as trustee, as is suggested in *Fisk* v. *Herrick*, for the purpose of ascertaining from him the condition of the partnership, such omission does not defeat the suit. The administrator might have exhibited through the trustee such facts as the protection of the estate of the deceased partner might require. By statute, ch. 119, the trustee may allege such facts as are material, the truth of which is unknown to him, and a trial may be had in relation to them by the Court or jury. Or the administrator may claim the credits for the estate, and when it so appears by the disclosure, the Court may permit him to become a party to the suit and have his claim investigated and determined. The provisions relating to this subject are contained in the thirty-third and seven following sections of the before mentioned chapter, and appear sufficient to enable a partner to guard his rights when a debtor of the firm is summoned as trustee in a suit against another partner. And upon *scire facias*, the Court, by the seventy-ninth section of the chapter cited, may permit or require the trustee to be examined anew, and in such case he may prove any matter proper for his defence. So that the administrator, if he has omitted to present all the facts, which might be adduced, and which may be necessary to protect the estate, will still be at liberty to make further defence through the trustee, if justice should require it.

The administrator has not complied with the statute, ch. 107, § 30, by giving a bond as required, to entitle him to take into his own possession the partnership property, and to make the disposition of it directed by the statute.

Upon the facts in this case, as at present exhibited, the trustee must be charged. *Trustee charged.*