EDWARD NEWHALL et al., Appellants, *v.* GILBERT BUCKINGHAM, assignee of Hoyt and Hoskins, Appellee.

APPEAL FROM WHITESIDE.

On an execution against one partner, the sheriff may seize partnership goods, and sell the share of the partner against whom the process issued; the purchaser becomes a tenant in common with the other partner, subject to the right of such partner, and through him of the partnership creditors, to have the property applied to the payment of the joint debts. But this right must be enforced at equity.

In order to sell such joint interest, the officer must, for the time being, have the custody of the property.

The purchaser succeeds only to the rights of the debtor partner, and takes the property burdened with the joint debts, and the sheriff delivers it to him and the other partner as tenants in common.

A court of equity will interfere to restrain a sale, until the partnership account is taken, and the precise interest of the debtor partner ascertained.

Under our statute, whatever is the subject-matter of seizure and sale on execution, may be taken by attachment, and held subject to sale on the judgment that may be recovered.

THIS was a trial of right of property. The cause was heard before WILKINSON, Judge, and decided at April term of the Whiteside Circuit Court, 1852.

The circuit court held that the right of property mentioned in the cause, was in the assignee of Hoyt and Hoskins.

The facts in this case are substantially as follows, viz.: Newhall & Co. had a claim against Hoyt for goods, which they had sold him, and for which they took his note, amounting to near one thousand dollars. Learning that Hoyt had absconded from the country, they sued out an attachment founded on their claim, and levied on a small stock of goods, which was, at the time of the levy, the property of Hoyt & Hoskins, a firm of which Hoyt was a member. Said goods were seized and taken by the officer into his possession, on said attachment writ. Some days after this, the other partner, Hoskins, made an as-

signment of all his interest in the partnership concerns and effects, to Gilbert Buckingham, giving preferences among the creditors, and to those who had taken the separate and individual notes of Hoyt, as did the plaintiffs; which assignment purported to be made in the name of the firm, but was in fact executed by Hoskins alone, while Hoyt was absent from the State. After the said assignment to said Buckingham, a claim of property was interposed by Buckingham as assignee, duly notifying the sheriff, upon which a trial of the right of property was had, which resulted in a verdict for the claimant. An appeal was taken to the circuit court of said county, and an agreed statement of facts made, which is substantially the same as stated above, with the additional fact that the claims which the assignment professes to provide for, were principally the individual debts and notes of said Hoyt. The court, on the agreed statement of facts, found in favor of the claimant, and rendered a judgment on such finding; to all of which said appellants excepted in due form, and prayed an appeal, which was allowed and entered into before the court in due form, and as required by the order of the court.

It is thought that the circuit court erred for the following among other reasons, viz.: —

First. The claimant showed no title to the goods authorizing him to recover as against the appellants.

Second. That the partnership goods were liable to be seized at law, to pay the debts of the individual partners, and neither Hoyt nor Hoskins, jointly nor separately, could take them at law from the custody of the sheriff, nor could either of them confer a power upon an assignee which was not possessed by the party himself.

Third. The goods were in the custody of the sheriff, and that was an adverse possession; they were not the subject of sale, so as to pass the legal title to the goods; it was an assignment of a mere chose in action.

Fourth. One partner has not the power to assign the goods of the partnership to a trustee, so as to give preferences among creditors; and even if he possessed it, a levy upon partnership property cannot be defeated in this way. The remedy of the partner or creditor is in equity, where an account can be taken.

Fifth. The court erred in finding for the claimant.

Sixth. The court erred in rendering judgment against the appellants, when it ought to have been rendered in their favor.

HIGGINS and STROTHER, for appellants.

J. MANNING and B. C. COOK, for appellee.

TREAT, C. J.   It was held in Buckhurst *v.* Clinkard, 1 Shower, 173, that on an execution against one of two partners, the sheriff might seize the partnership property, and sell the share of him against whom the writ issued.   In Pope *v.* Haman, Comberback, 217, Holt, C. J., said : " Upon a judgment against one copartner, the sheriff may take the goods of both in execution ; and the other copartner hath no remedy at law, otherwise than by retaking the goods, if he can ; for the vendee of the sheriff becomes tenant in common with the other copartner." In Heyden *v.* Heyden, 1 Salkeld, 392, on an execution against one partner, which had been levied on the partnership goods, the court remarked : " The sheriff must seize all, because the moieties are undivided ; for if he seize but a moiety, and sell that, the other will have a right to a moiety of that moiety ; but he must seize the whole, and sell a moiety thereof undivided, and the vendee will be tenant in common with the other partner."   In Parker *v.* Pistor, 3 Bosanquet & Puller, 288, an execution against one partner was levied on the partnership goods, and the partnership creditors moved the court to give the sheriff time to return the writ, until an account could be taken of the claims against the firm ; but the court refused the application on the ground, " that it was a very plain case at law, and that all of the difficulties were to be encountered in equity ; that the safest line of conduct for the sheriff to pursue was to put some person in possession of the defendant's share as vendee, leaving him and the parties interested to contest the matter in equity."   In the recent case of Johnson *v.* Evans, 7 Manning & Granger, 240, the court uses this language : " It is undoubtedly true, that in order to make, and for the purpose of making, the execution effectual against the share of the debtor partner in the joint property, the sheriff must seize the whole, the shares of the two partners being undivided.   Such seizure of the whole, it is obvious, arises from the necessity of the case ; just as if a man purchases an undivided moiety of a chattel that is indivisible, he cannot in any way take possession of that moiety without taking possession of the whole."

The English courts uniformly hold, that, on an execution against one partner, the sheriff may seize the partnership goods, and sell the share of the partner against whom the process issued.   As respects the property taken, the partnership is dissolved, and the purchaser becomes a tenant in common with the other partner.   He, however, acquires the share of the debtor partner subject to the right of the remaining partner, and through him of the partnership creditors, to have the property applied, so far as it may be necessary, to the payment of the

joint debts. But this right is an equitable one, and cannot be enforced at law. The weight of authority in the United States is decidedly the same way. It was so held in the case of Phillips v. Cook, 24 Wendell, 389, upon a thorough consideration of the question. It is so laid down in Collyer on Partnership, § 822; Gow on Partnership, 206; Story on Partnership, § 261; 3 Kent's Com. 65, notes; 1 Am. Lead. Cas. 319, notes by Hare and Wallace; Scrugham v. Caster, 12 Wendell, 131; Washburn v. Bank of Bellows Falls, 19 Vermont, 278; Bardwell v. Perry, Ibid. 292; Moore v. Sample, 3 Ala. 319; Place v. Sweetzer, 16 Ohio, 142; Burgess v. Atkins, 3 Black. 337; Shaver v. White, 6 Munf. 110; White v. Woodward, 8 B. Monroe, 484; Douglass v. Winslow, 20 Maine, 89; Tredwell v. Rascoe, 3 Deveraux, 50; Schatgill v. Bolton, 5 McCord, 478; Gilmore v. The North American Sand Co., Peters' C. C. R. 460; United States v. Williams, 4 McLean, 236.

The cases of Morrison v. Blodgett, 8 New Hampshire, 238, and Deal v. Bogue, decided in the Supreme Court of Pennsylvania, at the December term, 1852, deny the right of the sheriff to seize partnership goods on an execution against one partner. But these cases are clearly against the current of the authorities. They are innovations upon the well-established legal rule; and are the result of attempts by courts of law to administer a principle of equity. They virtually prevent the individual creditors of a partner from subjecting his share in partnership property to the payment of their debts. What remedy have such creditors against the share of their debtor in partnership goods, unless the goods can be seized, and his interest in them sold on execution? In order to sell that interest, the officer must, for the time being, have the custody of the property. A levy would be ineffectual, if the property is to remain in the possession and subject to the control of another. From the necessity of the case, the officer must be allowed to reduce it into possession. The authority to sell a chattel or any interest therein on execution, necessarily includes the power to take possession thereof for the purpose. There are, indeed, inconveniences growing out of the seizure of partnership property for the individual debts of a partner. They are, however, unavoidable. They are incidents of this kind of title to property. They must be borne, or separate creditors may be without any effectual remedy for the collection of their debts. Their debtor may have no individual estate, and still be entitled to a large surplus in the joint estate after the affairs of the partnership are adjusted. The same inconveniences may arise in the case of tenants in common of a chattel; and yet the law is firmly

settled, that on an execution against one of them, the sheriff may take exclusive possession of the chattel in order to sell a moiety thereof. Millville *v.* Brown, 15 Massachusetts, 82; Reed *v.* Howard, 2 Metc. 36; Waddell *v.* Cook, 2 Hill, 47; Blevins *v.* Baker, 11 Iredell, 291. It is said in Douglass *v.* Winslow, *supra*, " It may be inconvenient to other partners to have their operations thus broken in upon, and partnerships virtually dissolved; but it is a hazard to which they are necessarily subjected, when they unite in business with others incumbered with separate debts. Were the law otherwise, a wide door would be open to delay and defraud creditors. A man with funds to a very large amount, half of which is due to others, has nothing to do but to invest them in a partnership, and he may then set his creditors at defiance, or oblige them to wait until the partnership concerns are liquidated and closed by the slow process of a court of chancery." In Phillips *v.* Cook, *supra*, the court say: " The argument for such an action goes the length of saying that when a man puts his property into partnership, it is absolutely protected against a levy at the suit of his individual creditors; that it is exempt from execution like his ten sheep or his cow under the statute. A debtor has but to form a partnership, and he may set executions at defiance, so far as his own debts are concerned, still possessing and trading upon that very capital contributed by his individual creditors."

In equity, a partner has the specific right to have the partnership effects faithfully applied to the payment of the partnership debts. The real interest of a partner in the joint property, is a moiety of the surplus that may remain after the joint debts are discharged. And this interest is all that a purchaser acquires at a sale on execution. He succeeds only to the rights of the debtor partner. He takes the property burdened with the payment of the joint debts. The sheriff delivers the property to the purchaser and the other partner as tenants in common, subject to the incumbrance of a partnership account. The account may be taken at the instance of the purchaser or the other partner. Although there is not a perfect agreement among the decided cases, the better opinion seems to be, that a court of equity may interfere by injunction to restrain a sale by the sheriff, until the partnership account is taken, and the precise interest of the debtor partner ascertained. 1 Story's Eq. § 678; Story on Partnership, § 264; Place *v.* Sweetzer, 16 Ohio, 142; Cammack *v.* Johnson, 1 Green's C. R. 163.

This case is at law, and must therefore be decided upon legal

principles. Under our statute, whatever is the subject-matter of seizure and sale on execution, may be taken in the proceeding by attachment, and held subject to sale on the judgment that may be recovered. The sheriff had a clear right to seize the goods in question ; and he has equally the right to retain them until the suit is determined. If it results in a judgment for the attaching creditors, he may sell the interest of Hoyt in the goods, and deliver them to the purchaser and the assignee as tenants in common, subject to the rights of the assignee and of the creditors of the firm to have them applied, so far as it may be necessary, to the satisfaction of the joint debts. But these rights are to be asserted in equity. A bill for the purpose may be filed by the purchaser, the assignee, or any of the joint creditors.

The circuit court erred in holding, that the assignee was entitled to withdraw the goods from the custody of the sheriff.

The judgment is reversed, and the cause remanded.

Trumbull, J., dissented.

*Judgment reversed.*