No. 128.—B. W. MARSTON & Co. v. JAMES M. DEWBERRY. E. S. TURNER, Garnishee and Appellant.

Partnership property cannot be specially seized or attached for the individual debt of one of the partners. In such a case the interest of a partner may be seized.

APPEAL from the District Court, parish of Natchitoches. *Orsborn. J. S. M. Hyams,* for plaintiffs and appellees. *Pierson & Levy,* for garnishee, appellant.

HOWE, J. The plaintiffs and appellees have moved to dismiss this appeal, on the ground that the appeal bond is made in favor of the plaintiffs, and the defendant, Dewberry, appellees, and not in favor of the clerk of the court. It appears by the record, however, that the appeal was taken January 2, 1869, and the bond filed January 16, 1869. It comes, then, within the saving clause of the act of January 30, 1869, which provides "that all appeals taken subsequently to the twenty-ninth of September, 1868, and prior to the passage of this act, in conformity to the provisions of any law in force prior to that date, shall be as valid as if taken conformably to the act (of September 29, 1868), of which this is an amendment."

The motion to dismiss is therefore overruled.

The plaintiffs sued the defendant, Dewberry, upon a bill of goods and provisions amounting to $1122 38, of which the sum of $408 85 was alleged to be due for supplies furnished to the defendant for the making of a crop in partnership with E. S. Turner, the garnishee.

Upon the allegations that they had a privilege on the crop, and that Dewberry was a non-resident, they obtained writs of provisional seizure and attachment, which were levied upon certain cotton, corn and fodder, the property being specifically seized as the property of Dewberry in the hands of Turner.

The property was bonded by Turner, who moved to set aside the writs of provisional seizure and attachment, on the ground that the former remedy was improper, a sequestration being the writ provided by law, and that the bond given for the attachment was insufficient. The judge *a quo* denied the motion, on the ground that " the garnishee could not be affected by these proceedings, his answers to interrogatories being taken as conclusive evidence in his favor unless contradicted" and to this ruling the garnishee, Turner, reserved a bill of exceptions.

The defendant, Dewberry, came in and confessed judgment in favor of plaintiffs for the amount claimed.

In answer to the interrogatories propounded to him the garnishee, Turner, gave what we consider sufficiently distinct replies, from which, together with the other evidence in the case, it appears that Turner and Dewberry undertook to make a crop in 1867, Turner furnishing the land, tools, stock and supplies, and Dewberry the management and labor.

A number of acres were planted in cotton and corn, when, in June, 1867, Dewberry, in entire violation of his agreement, abandoned the place, leaving the crop "in grass," and went off to Texas, taking his laborers with him. For the protection of his own interests Turner was obliged to hire other laborers and complete the crop, at an expense exceeding the proceeds of the entire crop. At the moment of attachment, in October, 1867, Dewberry had no interest of any value in the crop. He had abandoned it in June, taking with him out of the venture all he had put in, his personal services and the laborers he had employed, and declaring he did not care what became of the crop. Turner proceeded on his own account to save the crop, and expended in so doing an amount greater than its proceeds.

There is no evidence that the plaintiffs ever furnished any supplies to the making of this crop, and their only claim, we apprehend, is as attaching creditors. As such their rights in the property can be no greater than those of Dewberry, and his, if they exist at all, have no appreciable value. The claim against Dewberry, so far as established by the record, is an individual debt, and partnership property can not, as a general rule, be specifically seized for the individual debt of one of the partners. The interest of a partner may be seized, but such seizure was not made in this case.

The judge *a quo* gave judgment against Dewberry for the amount claimed, and there was in this no error. He also gave judgment against the garnishee, Turner, for five hundred dollars, with interest from judicial demand, and "with a recognition of the privilege on the crops

in the hands of the garnishee, and that their lien and privilege on
the property provisionally seized and attached be recognized and
enforced to satisfy the judgment, and for costs to be taxed." For this
portion of the judgment we find no sufficient foundation in the facts of
the case. The view we have taken renders it unnecessary to pass upon
the bill of exceptions.

For the reasons given, it is ordered and decreed that the judgment,
so far as it is a personal judgment against the defendant, Dewberry,
and so far as it fixes a fee for the attorney *ad hoc*, be affirmed; that in
all other respects the said judgment be annulled, avoided and re-
versed; that the claim against the garnishee, E. S. Turner, be dis-
missed with costs, and that the plaintiffs pay the costs of the appeal.