ISAAC HACKER *vs.* LEWIS B. JOHNSON.

Aroostook, 1876.—February 7, 1877.

*Replevin.*

Replevin cannot be maintained by one copartner for copartnership goods, although they are in the hands of the officer under an attachment of another copartner's interest therein.

Where the interest of one of two partners in partnership property is attached upon a demand against him alone, and the other partner replevies, in his

own name, the property from the possession of the officer, and a nonsuit is ordered in the action of replevin, the defendant in such action is entitled to an order for the return of the articles replevied, although the plaintiff in the replevin suit offers to show the insolvency of the copartnership and the insufficiency of its assets to pay its own debts.

But such insolvency may be shown in an action on the replevin bond, if neither side has beforehand taken proceedings to have an account of the partnership affairs settled by a court of equity.

## ON EXCEPTIONS.

REPLEVIN for goods attached by the defendant as sheriff on a writ of mesne process in favor of Thomas W. Daniel *et al. v.* James A. Flint and Charles W. Johnson, January 29, 1874. The officer's return showed an attachment of the property of the "defendant Flint, his share and interest as partner, with Isaac Hacker." The case was made law on report; and it appearing that while the action was in the name of Hacker alone, the goods replevied were the partnership property of Hacker and one Charles W. Johnson, the full court at the law term 1875, ordered "plaintiff nonsuit." The defendant thereafter filed a motion for return of the goods replevied, waiving all claim to damages. The plaintiff objected to a return and offered to prove in substance the following facts : The goods replevied in the suit, Isaac Hacker *v.* Lewis B. Johnson, belonged to Isaac Hacker and James A. Flint, partners in trade, and were copartnership property ; though valued by the attaching officer at $3670.70, their real value was not more than $3400. The aggregate amount of values of goods and money on hand, and demands and notes due the firm was $5929.83. The indebtedness of the firm to all other persons than Hacker & Son at the time of attachment and replevin was $5568.92. The firm was indebted to Hacker & Son $5891.75, besides a balance of interest of $866, making the total indebtedness of the firm $12,326.67. Flint owed the firm $1636.26. The plaintiff was solvent. The goods replevied were placed back in the store, and with the exception of a few remnants, sold for the benefit of creditors, and the proceeds have gone to pay the debts of the firm. The indebtedness of Flint is still unpaid.

The court, on the defendant's objection, excluded the testimony and ordered a return, and the plaintiff alleged exceptions.

*A. W. Paine*, for the plaintiff.

*J. C. Madigan & J. P. Donworth*, for the defendant.

PETERS, J. The goods in question belonged to the copartnership of Hacker & Flint. The defendant, an officer, attached the interest of Flint in the goods upon a writ in which was sued a demand against Flint alone. Thereupon Hacker, the copartner, replevied the goods in his own name. The decision of this court has already been that the action of replevin cannot be maintained, and a nonsuit was ordered. The plaintiff now moves against a return of the goods to the officer, offering to show the firm of Hacker & Flint to be insolvent, and Flint's interest to be worth nothing, and claiming that on that account a return would be a useless ceremony and of no value to any party concerned.

There is no doubt that all the interest in the goods that could be taken by the officer was only the right and interest of the debtor Flint therein, after all the partnership liabilities, (including a settlement of the private accounts of the partners,) have been adjusted and paid out of the partnership property and fund. Formerly another mode of remedy prevailed. That is, the private creditor of one partner could take the undivided portion of the partnership goods that belonged to such partner by numerical division. This court, in early cases, has shown some inclination to favor the application of such a rule, though it has never been adopted, perhaps in any case, in its full extent. See remarks of Wells, J., in *Thompson* v. *Lewis*, 34 Maine, 167, 170. There are several decisions permitting a remedy that bears some affinity to it. Thus in the case cited and in several similar cases, it is held that where one summoned as trustee discloses that he is indebted to a firm of which the principal defendant is a partner, he will be charged unless some interposing claim be made to take precedence of the claim of the creditor of a single partner. Further than this, the court would not now be likely to go. The old doctrine of attaching moieties of interest in personal property, in cases of partnership, has been swept away. All the modern text writers, and almost all the courts, are against it. The cases bearing upon the subject are too numerous to be named. The modern author-

ities quite universally affirm the modern rule. And it results from adopting as a principle in law what was formerly only regarded as a rule in equity; namely, that each partner has a lien upon the partnership property for his own indemnity against the partnership debts, and for any amount due him over and above what may be due his copartners out of the joint effects. Therefore all the legal interest in partnership property now attachable on a debt of one of the partners is such partner's share subject to all such claims and liens. Nor do we understand that the counsel for the defendant claim more than this, upon their brief.

The manner in which an individual creditor may attach or levy on the property of a firm in which the debtor is a partner, so as to make the attachable interest available to him, has been a great deal discussed and variously determined by different tribunals. Difficulties beset almost any view of it. Our own court has taken somewhat of a middle ground in the matter. By some courts, it is held that an actual possession of the goods cannot be taken by the officer upon the writ or execution, so as to keep the copartners out of possession, but that a merely constructive possession is allowable, by means of which the officer can sell the indebted partner's interest in the whole partnership property or fund; and that, if an officer takes an actual and tangible possession of the goods, the partners (all joining) may replevy them. But in this state, in *Douglas* v. *Winslow*, 20 Maine, 89, it is distinctly decided, that an officer can make an actual attachment of the debtor's interest in the goods and hold the entire property in his hands on account of the interest so attached, subject to the paramount claims of the creditors of the firm. When a sale is made on execution, probably a constructive and partial, and not an exclusive, possession thereof would be given to the purchaser; such a possession as would not be incompatible with the right of possession belonging at the same time to all the members of the firm.

Taking this view of the relative rights of the parties, and the plaintiff offering to show that the firm is an insolvent one; still, there are reasons why a return should now be ordered without a hearing upon the plaintiff's petition, the defendant not assenting to a hearing of the kind proposed.

In the first place, the creditor is not presumed to be ready, in this litigation, to contest the question of the insolvency of the firm. The position of the plaintiff was, no doubt, a surprise to him, and he could not reasonably he expected to be prepared with the necessary proofs. In the next place, he may never have an occasion to do so. There is a contingency in the way. He may not recover judgment in his suit. And, if he obtains judgment, he may not desire to sell the debtor's interest. He may find other property of the debtor's to proceed against, and avoid the uncertainties and complications attending this. In the next place, the debtor's interest may sell at auction for something, whether the firm be insolvent or not. Other legitimate considerations besides the question of solvency or insolvency, may induce a person to buy. In the next place, the creditor who is interested in the present litigation, may not continue to be so. Some other person may be the purchaser at the sale and become the party having the only interest to investigate the standing of the firm. And above all, the creditor or purchaser has a right to have an opportunity of having an account of the partnership affairs settled by a court of equity. The decided balance of authority determines that the creditor is entitled to have this account taken after the sale, unless the debtor elects to have it before the sale, by application on his part to a court of equity therefor, which he would probably have the right to do. *Cropper* v. *Coburn*, 2 Curt. C. C. 465. See cases there cited. Story on Part. § 264, *et seq.* See also instructive note in 3 Kent's Com. 79, any of the later editions.

It is therefore clear that the return was properly ordered. The plaintiff had no right of possession at the time of the trial, nor has he had any such right since. The cases relied upon by the plaintiff do not strictly apply. *Ingraham* v. *Martin*, 15 Maine, 373.

But there can be no good reason why the present plaintiff cannot be heard upon the question now urged by him, when, if at all, he becomes sued upon the bond. The creditor will have had an opportunity of first seeking an account of the partnership affairs in a court of equity. It will then be unreasonable for the question to be longer postponed. Judge Story and other authors

thought a court of law to be inadequate to take such an account. Story Part., § 262. Kent's Com. before cited. But courts of law have now more practical power for such purposes than they once had. Formerly, in this state, auditors were appointable only by the consent of parties. R. S. 1841, c. 115, § 49. Now the court can appoint them in any case involving accounts. The authorities permit a defense of this kind, in analogous cases, to be set up in an action on the replevin bond. *Bartlett* v. *Kidder*, 14 Gray, 449. *Witham* v. *Witham*, 57 Maine, 447.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.