JOHN H. DIECKMANN, Appellant, *v.* CITY OF ST. LOUIS ET
AL., Respondents.

### April 20, 1881.

1. Each partner has an exquitable lien on the surplus assets of the firm for the
   purpose of satisfying any claim due him by the firm; and this lien ex-
   tends to sums due the firm by its members.
2. Creditors of a partner may reach his interest in the firm property, but can-
   not satisfy their demands out of his copartner's interest.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
*Affirmed.*

GEORGE W. TAUSSIG, for the appellant.

ARBA N. CRANE, for the respondents.

BAKEWELL, J., delivered the opinion of the court.

This is a proceeding in the nature of a creditor's bill to
subject the alleged interest of defendant Maurice in a judg-
ment obtained by him, together with Cavender and Rowse,
against the city, to the payment of a judgment of plaintiff
against Maurice.

There is no controversy about the facts, which are as
follows : —

In October, 1878, Dieckmann obtained judgment for
$4,135 against the Union Steam Mill Company and Maurice,
who are both insolvent.    Three weeks afterwards, Maurice,
Cavender, and Rowse obtained judgment against the city
for $2,585.    Dieckmann saw this in the daily papers next
morning, and filed this bill at once.

In 1868 Maurice, Cavender, and Rowse went into a
transaction in real estate together, buying certain property
in the city in their joint names for the purpose of selling it
out in residence lots at a profit.    The land was purchased
from Blair.    They called it Benton Place, and in prepar-
ing it for market as choice residence property, they got the
city to lay down water-pipe, for which they paid in June,

1869, special tax-bills to the amount of $2,135, made out in Blair's name. They also paid $700 for gas-pipe, and $1,700 for ornamental fencing round the place. Each associate contributed one-third, and was to have one-third of the sales, and one-third of what remained unsold. One lot was sold to Crangle, who gave his note for $3,000, which Maurice used for his own benefit, with the consent of Rowse, giving to Cavender and Rowse, after he had used the note, security which turned out to be worthless. The associates had a settlement and division of property in 1876. Maurice owed Cavender and Rowse $2,000 on account of the Crangle note, and in the early part of 1876 verbally agreed with them that they might have all his interest in any claim against the city for gas-pipe and water-pipe, and any claim for the fences, to reimburse them for the amount he owed on the Crangle note, which belonged to the partnership, and which he had used. Before this transfer, the three associates had tried in vain to collect the water-pipe tax from the city, it being claimed by Blair, in whose name the bills were made, though they had been paid by Cavender, Rowse, and Maurice. After the transfer, all parties treated the claim as belonging to Cavender and Rowse alone. Cavender and Rowse employed counsel at their own expense, and sued the city on the claim in March, 1878, in the name of the three; and on this claim the judgment of November 6, 1878, was obtained, which Dieckmann seeks in this proceeding to subject to the payment of the indebtedness of Maurice to him. The other claims are regarded as worthless.

The court rendered judgment in favor of defendants, and we think that this is the only decree warranted by the facts. We are unable to see any superior equity that Dieckmann has to have his debt paid out of this judgment, which represents a claim belonging to Cavender, Rowse, and Maurice, as partners in the transaction out of which it arose, since the total amount of the judgment is needed to make

good to Cavender and Rowse the excess which Maurice has received over his firm share of the partnership assets. Maurice seems to have transferred his interest in the claim to Cavender and Rowse, for the purpose of making good his deficiency in the firm accounts ; and Cavender and Rowse, acting in their own interest and on the faith of this transfer, prosecuted this suit to judgment before Dieckmann asserted any claim to the fund. The evidence is that the interest of Maurice in all the remaining assets of the association, including those tax-bills, is not enough to meet the balance due Cavender and Rowse on settlement.

This being the case, it does not appear that Maurice had, at the time that plaintiff filed his bill, any beneficial interest in this property that could be reached by his creditors. Each member of the partnership is regarded as having an equitable lien on the surplus assets of the firm, for the purpose of having them applied in payment of what may be due the partners respectively ; and this lien of partners on the partnership property extends to whatever is due to the firm by any of its members for debts to the firm incurred by them in their character as members of the firm. Lindley on Part., sects. 679, 682. The special tax-bills which Cavender, Rowse, and Maurice recovered against the city were undoubtedly a part of the partnership stock ; and Maurice having withdrawn from the funds of the partnership, by the use of the Crangle note, an amount in excess of his share to more than the amount of the judgment on these bills, it does not appear that he has any interest in these bills, or in the judgment obtained upon them, which could be asserted by him or reached by his execution creditor, for on sale on execution of the interest of a partner for his separate debts, the purchaser takes only what remains to the partner after settlement of the accounts of the partnership.

It is not a question of the validity of the oral assignment of his interest in these bills by Maurice to Cavender and Rowse, of the Statute of Frauds, or of fraudulent assignment,

or conveyance of personalty, or of notice to creditors.    The partners of Maurice in this real estate transaction have a right to a fair division of the stock in trade ; and whilst the creditors of Maurice may reach his interest in the property of the firm, they cannot take, in satisfaction of any indebtedness of Maurice to them, the property of his copartners.

There is no pretence of any fraud in the case, or of a simulated conveyance by Maurice of his interest in these bills to cover up his property.    Having used the Crangle note with the consent of one of his copartners, he agreed with them, long before plaintiff had sued, that the proceeds of these tax-bills, when collected, should go towards making up his deficiency to the firm.    As he will still owe his copartners on account of the affairs of the firm after the judgment has been collected by the two, Maurice can have no beneficial interest in the judgment to apply to the satisfaction of his indebtedness to others.

The    judgment    is    affirmed.    Judge HAYDEN concurs; Judge LEWIS is absent.