LIVERPOOL, BRAZIL & RIVER PLATTE NAVIGATION CO. *v.* AGAR & LELONG.*

(*Circuit Court, E. D. Louisiana.* December, 1882.)

1. PARTNERSHIP—LIABILITY IN SOLIDO.

Under the law of Louisiana a commercial partnership is an entity, capable of being sued, is brought into court as defendant by service of citation upon one of its members, and while the ultimate liability of the partners is *in solido,—i. e.,* joint and several,—they, during the life of the partnership, cannot be charged individually except through the partnership.

2. JURISDICTION—PARTNERS—SUIT BY ALIEN.

This court has jurisdiction of a suit by an alien against a partnership consisting of two partners, one of whom is also an alien, and one a resident citizen, the partnership being domiciled in Louisiana, and the obligation sought to be enforced originating there.

*W. S. Benedict,* for plaintiff.

*Charles E. Schmidt,* for defendants.

BILLINGS, D. J. The facts relating to the exceptions in this case are undisputed. This is a suit to recover upon a demand in favor of the plaintiff against the defendants as constituting the commercial firm of Agar & Lelong, domiciled and doing business in the city of New Orleans, and there incurring the obligation sought to be enforced. The partnership and each of the members have been cited, and have severally pleaded the want of jurisdiction in this court, on the ground that the plaintiff is an alien, and that Lelong, one of the defendants, is also an alien. It is conceded that Agar is a citizen of Louisiana; that the partnership of Agar & Lelong was a commercial partnership, domiciled and doing business in the city of New Orleans, and composed of the defendants, Agar and Lelong, and that the obligation sued on originated there. It is urged, as legal consequences of these admitted facts, (1) that since the partnership of the defendants is in active existence under the laws of Louisiana, it alone can be sued upon a partnership obligation; (2) that since plaintiff and one of the defendants' firm are aliens, the court is without jurisdiction as between the plaintiff and defendants' firm.

I think the first proposition is correctly stated. Under the law of Louisiana a commercial partnership is an entity, capable of being sued, is brought into court as defendant by service of citation upon one of its members, and while the ultimate liability of the partners is *in*

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

*solido,*—*i. e:,* joint and several,—they, during the life of the partner-
ship, cannot be charged individually except through the partnership;
that is, during the life of the partnership a partner is, like a corpora-
tor in a corporation, liable and made to respond individually only
through a judgment against the intellectual being of which he is a
component part. In *Breedlove* v. *Nicolet,* 7 Pet. 413, under circum-
stances exactly similar to those in this case, with reference to a Louis-
iana partnership, the supreme court maintained jurisdiction and gave
judgment in favor of an alien plaintiff against two members of a part-
nership, though the third was not suable by reason of residing in
Alabama. But this point as to the liability of the partnership alone
in the first instance, and so long as its active existence continues,
was not presented. . I think the proposition of law here presented
must be maintained as resulting from our peculiar law, though it
would be true in no other state of the Union. Elsewhere the partners
are always individually liable, and the partnership as a distinct being
cannot be cited. In Louisiana, during the existence of a commercial
partnership, it alone can be sued for a partnership debt, and the cita-
tion may be served upon the firm by service upon the partner. The
exception of the individual partners must therefore be maintained, so
far as the attempt is made to sue them individually.

2. This brings us to the remaining question. In a suit by an alien
against a partnership consisting of two partners, one of whom is also
an alien, the partnership being domiciled in Louisiana, and the obliga-
tion sought to be enforced originating there, does this court have
jurisdiction? I think it has. See *Marshall* v. *Baltimore R. R.* 16
How. 325, and *Inbusch* v. *Farwell,* 1 Black, 566. Indeed, under the
provisions of the law of Louisiana a partnership *is,* so far as this
question of jurisdiction is concerned, placed in the category of cor-
porations. Both are creations of a state law, and domiciled in that
state. Both may have members who, by themselves, could not be
brought within the jurisdiction of the circuit court. Nevertheless,
the supreme court has finally settled the doctrine that state corpora-
tions, domiciled within the state by which they are created, are, so
far as relates to the enforcement of rights of action by suit, citizens of
that state, although some of the corporators would not be within the
jurisdiction. *Louisville R. R.* v. *Letson,* 2 How. 554; *Ry. Co.* v. *Whit-
ton,* 13 Wall. 283. The reasoning which leads to this conclusion,
with reference to corporations, leads to the same conclusion with ref-
erence to Louisiana commercial partnerships.

The exception, so far as relates to jurisdiction over the partnership as a defendant, is overruled, and five days are allowed in which to file an answer.

---

A partner's interest in the partnership property may be attached or levied upon and sold on execution for his individual debt;(*a*) so partnership goods may be levied on under executions against one partner for his separate debt,(*b*) and equity will not enjoin such sale until the partnership accounts are taken and liquidated.(*c*)    Attachment of partnership assets by an individual creditor is illegal and must be dissolved, and the attached property be surrendered to the liquidator.(*d*)    The creditor of a partner cannot subject the interest of a copartner to the satisfaction of his claim.(*e*)    He can sell on execution only the interest of the debtor partner in the firm property after payment of debts due by the firm,(*f*) and a specific asset or property of the firm is not subject to attachment, execution, or garnishee process against an individual partner.(*g*)    The interest sold is his share in the surplus after all demands against the firm are satisfied.(*h*)    Where a partner advanced certain of his individual property to pay a firm indebtedness, the general partnership creditors should be paid before the advance could be paid to the partner.(*i*)    The title to the property still remains in the firm, and the purchaser acquires only a right to an accounting.(*j*)    The separate creditor may at any time after levy and before sale file a petition against the other partners for an accounting of the joint business;(*k*) but a suit in equity is necessary.*    The judgment debtor may elect to have the account taken before the sale.(*l*)    The Massachusetts statute, providing for the delivery to a part owner of property attached in a suit against another part owner, does not apply to the case of partnership property attached in a suit against a partner.(*m*)    Where a sepa-

(*a*) Wilson v. Strobach, 59 Ala. 488; James v. Stratton, 32 Ill. 203; Newhall v. Buckingham, 14 Ill. 405; White v. Jones, 38 Ill. 159; Hershfield v. Claflin, 25 Kan. 166; Marston v. Dewberry, 21 La. Ann. 518; Choppin v. Wilson, 27 La. Ann. 444; People's Bank v. Shryock, 48 Md. 427; Saunders v. Bartlett, 12 Heisk. 316; Weaver v. Ashcroft, 50 Tex. 428.

(*b*) Place v. Sweetzer, 16 Ohio, 142.

(*c*) Sitler v. Walker, 1 Freem. Ch. 77 ; Place v. Sweetzer, 16 Ohio, 142.

(*d*) New Orleans v. Gauthereaux, 32 La. Ann. 1126.

(*e*) Dieckmann v. St. Louis, 9 Mo. App. 9.

(*f*) Merrill v. Rinker, Bald. 528; Jones v. Thompson, 12 Cal. 191; Brewster v. Hammet, 4 Conn. 540; Lyndon v. Gorham, 1 Gall. 367; Knox v. Schepler, 2 Hill, (S. C.) 595; White v. Dougherty, Mart. & Y. 309; Pierce v. Jackson, 6 Mass. 242; Hacker v. Johnson, 66 Me. 21; Williams v. Gage, 49 Miss. 777; Tappan v. Blaisdell, 5 N. H. 190; Menagh v. Whitewell, 52 N. Y. 146; Knox v. Summers, 4 Yeates, 477; McCarty v. Emlen, 2 Yeates, 190.

(*g*) Marston v. Dewberry, 21 La. Ann. 518; Levy v. Cowan, 27 La. Ann. 556; Bullfinch v. Winchenbach, 3 Allen, 16; Claggett v. Kilbourne, 1 Black, 346; London v. Gorham, 1 Gall. 367; Cook v. Arthur, 11 Ind. 407; People's Bank v. Schryock, 48 Md. 427; Fisk v. Herrick, 6 Mass. 271; Atwood v. Meredith, 37 Miss. 635; Hacker v. Johnson, 66 Me. 21; Gibson v. Stevens, 7 N. H. 352; Garvin v. Paul, 47 N. H. 158.    Contra, Thompson v. Lewis, 34 Me. 167; Fogg v. Lawry, 68 Me. 78.

(*h*) Place v. Sweetzer, 16 Ohio, 142 ; Osborn v. McBride, 16 Bank. Reg. 22.

(*i*) Gordon's Estate, 11 Phila. 136.

(*j*) Andrews v. Keith, 34 Ala. 722; Wilson v. Strobach, 59 Ala. 488; Sitler v. Walker, 1 Freem. Ch. 77; Barrett v. McKenzie, 24 Minn. 20; Deal v. Boone, 20 Pa. St. 228; Rheinheimer v. Hemingway, 35 Pa. St. 432; Smith v. Emerson, 43 Pa. St. 456; Lathrop v. Wightman, 41 Pa. St. 297.    See Atkins v. Saxton, 77 N. Y. 195.

(*k*) Nixon v. Nash, 12 Ohio St. 647.

(*) Broadnax v. Thomason, 1 La. Ann. 383; Nixon v. Nash, 12 Ohio St. 647; Knight v. Ogden, 2 Tenn. Ch. 473.

(*l*) Hacker v. Johnson, 66 Me. 21.

(*m*) Breck v. Blair, 129 Mass. 127.

rate creditor levied upon and sold an undivided one-half of the partnership property without bringing an action to determine such partner's interest, *held*, that a creditor of the firm who subsequently levied upon the property may maintain an action in equity to determine the conflicting claims of the creditors.(*n*) An individual creditor who has attached partnership assets is not a necessary party to a suit in which a liquidator is subsequently appointed.(*o*) A judgment, although signed by two partners, will be considered an individual indebtedness unless shown to be for a partnership debt.(*p*) Real estate of the firm may be treated as personalty in so far as may be necessary to secure the payment of the firm debts.(*q*) If purchased with partnership funds, though the title be taken in the individual name of one or both parties, it is first subject to the partnership debts.(*r*) The holder by conveyance or bequest of one partner's share of the lands of the firm must pursue his remedy for their possession by suit in equity.(*s*) The possessor of the legal title in such case holds it in trust for the purposes of the partnership.(*t*) A judgment against a partner individually is a lien on the real estate held by the firm, subject, however, to the payment of the firm debts and the equities of the other partners.(*u*) Where a partnership is still in existence, one partner cannot mortgage the stock under his control to secure his individual debt.(*v*)—ED.

(*n*) Aultman v. Fuller, 53 Iowa, 60.

(*o*) New Orleans v. Gauthereaux, 32 La. Ann. 1126.

(*p*) McKenna's Estate, 11 Phila. 84.

(*q*) In re Codding & Russell, 9 Fed. Rep. 849.

(*r*) Shanks v. Klein, 11 Fed. Rep. 767. ·

(*s*) Young v. Dunn, 10 Fed. Rep. 717.

(*t*) Shanks v. Klein, 11 Fed. Rep. 767.

(*u*) Johnson v. Rogers, 15 N. B. R. 1.

(*v*) Moline Wagon Co. v. Rummell, 12 Fed. Rep. 658.